# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

GEORGE ELDRIDGE, 448535,      )
      Petitioner,            )
                            )

v.                             )      No. 3:07-CV-1472-N
                            )      ECF

NATHANIEL QUARTERMAN,      )
Director TDCJ-CID,            )
      Respondent.           )

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court. The Findings, Conclusions

and Recommendation of the Magistrate Judge are as follows:

## I. Background

Petitioner challenges his March 25, 1987, conviction for aggravated assault with a deadly

weapon from the 283rd Judicial District Court of Dallas County, Texas, cause number F86-

70973-LT. On April 21, 1988, the Fifth District Court of Appeals affirmed Petitioner's

conviction. *Eldridge v. State*, No. 05-87-00380-CR (Tex. App. – Dallas, Apr. 21, 1988, no pet.).

Petitioner did not file a petition for discretionary review.

Petitioner filed five state applications for writ of habeas corpus challenging this

conviction. *Ex parte Eldridge*, Application Nos. 6,867-06, -07, -08, -09, -11. Petitioner filed his

first application on December 14, 1989. On June 5, 1991, the Court of Criminal Appeals denied

the petition without written order. He filed his second application on September 6, 1991. On

September 16, 1992, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court. Petitioner filed his third application on May 28, 1992. On September 16, 1992, the Court of Criminal Appeals denied the petition without written order. Petitioner filed his fourth and fifth applications on December 22, 2005, and October 13, 2006, respectively. The Court of Criminal Appeals dismissed both petitions as subsequent applications on March 15, 2006, and July 18, 2007.

On August 27, 2007, Petitioner filed this federal petition. He argues he received ineffective assistance of counsel because counsel: (1) failed to object to Petitioner's removal from the courtroom during voir dire; (2) failed to object that the date alleged in the indictment was not the same date alleged by the complaining witness; (3) failed to object that there was no signature on the criminal complaint; (4) failed to object that the indict did not include the language "against the peace and dignity of the State of Texas"; (5) failed to object to the transcribed record; (6) failed to object that Petitioner was not served with the indictment; and (7) failed to object to certain witness testimony.

On November 12, 2007, Respondent filed a preliminary response arguing the petition is time-barred. On December 13, 2007, Petitioner filed correspondence which appeared to state that he wanted to voluntarily dismiss the petition. On December 28, 2007, Petitioner responded to a magistrate judge's questionnaire stating that he did not want to voluntarily dismiss the petition. On January 15, 2008, Petitioner filed a motion to withdraw a second or successive petition. On April 17, 2008, Petitioner filed a memorandum in support of his § 2254 claims. The Court now finds the petition should be dismissed as barred by the one-year statute of limitations.

## II.  Discussion

### A.  Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the AEDPA

governs the present petition.  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  The AEDPA

establishes a one-year statute of limitations for federal habeas proceedings.  *See* Antiterrorism

and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after

direct appeal or the time for seeking such review has expired.  *See* 28 U.S.C. § 2244(d)(1)(A).[1]

This period is tolled while a properly filed motion for state post-conviction relief or other

---

[1]The statute provides that the limitations period shall run from the latest of--

> (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

collateral review is pending. *Id.* § 2244(d)(2).

On April 21, 1988, the Fifth District Court of Appeals affirmed Petitioner's conviction. Petitioner did not file a PDR. His conviction became final thirty days later, on May 23, 1988.[2] (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). His petition became due one year later, on May 23, 1989.

Petitioner's limitation-commencing event occurred prior to the enactment of the AEDPA. Petitioner is therefore entitled to a period of one-year from the AEDPA's effective date to file his federal petition. *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998). Thus, absent any tolling provision, Petitioner was required to file his § 2254 petition on or before April 24, 1997, to avoid being time-barred.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Petitioner's first three state habeas applications were filed on December 14, 1989, September 6, 1991, and May 28, 1992. These applications were filed before the limitations period began under the AEDPA. They therefore did not toll the limitations period. Petitioner's fourth and fifth state habeas petitions were filed on December 22, 2005, and October 13, 2006. These applications were filed after the limitations period expired on April 24, 1997. Thus, they did not toll the limitations period. Petitioner was required to file his federal application by April 24, 1997. He did not file his application until August 27, 2007. His petition

---

[2]Thirty days from April 21, 1988, is Saturday, May 21, 1988. Pursuant to Tex. R. App. P. 4(a), the PDR was due on Monday, May 23, 1988.

is untimely.

## B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner states he was on a medical unit from approximately 1994 to March, 2007. He also states he was on a "pill." Petitioner, however, has submitted no evidence regarding his medical condition, the type of medication he was taking, or its effect on him. *See Caldwell v. Dretke*, 182 Fed. Appx. 346, 346 (5th Cir. 2006) (finding the lack of evidence regarding Petitioner's medical conditions could not substantiate a claim for equitable tolling). Further, Petitioner was able to file two state habeas petition during the time he states he was on a medical unit. Petitioner has failed to show he was prevented in some extraordinary way from asserting his rights. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 22nd day of April, 2008.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO OBJECT</u>

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).